BREDY et al. v. CANTRELL.

No. 34211. July 3, 1951.

*234 P. 2d 381.*

Fredrick J. Hoyt, Oklahoma City, for plaintiffs in error.

Carmon C. Harris, Oklahoma City, for defendant in error.

GIBSON, J. This is an action by Dona L. Cantrell against Fred W. Bredy and Nora Lee Bredy to recover balance due on money advanced by her for the purchase of lots 12 and 13 in Neas Addition to Oklahoma City and the establishment and foreclosure of an equitable lien against the lots.

The evidence is undisputed that on or about June 1, 1946, plaintiff advanced defendants the sum of $1,750 as the down payment for the purchase price of the lots in question; that defendants repaid plaintiff on such advance the sum of $681, and there is a balance due in the sum of $1,069 which defendants refused to pay.

Plaintiff testified that she advanced the money under the agreement that defendants were to repay the amount advanced in monthly payments, payments to continue as long as she lived or until repaid in full; that she was to have a home for life with defendants on the premises purchased; that the lots were purchased to be occupied as a joint home and the parties should live together as one family. She lived with defendants on the premises for about fifteen months when defendants became dissatisfied and began mistreating her, and she was thereafter ordered by them to leave the premises. She then demanded payment of the balance due before leaving, which defendants refused to pay. She further testified that during the time she was living there she assisted in doing the housework. She did practically all the cooking and did washing and other household chores. She moved her furniture into the house and defendants used the same, and in addition to making the advance payment to apply on the purchase price of the lots she advanced defendants at various times different amounts, amounting in the aggregate to the sum of approximately $500 which amount has never been repaid; that when she left the premises on demand of defendants she demanded that the furniture be returned to her, which was refused by defendants. She then brought this action.

Defendants as a defense plead an offset in which they allege and claim plaintiff is indebted to them in the following items: (1) prior to the time the lots were purchased plaintiff lived with them at the hotel and they paid her living expenses while there amounting to the sum of $141; (2) during the time plaintiff lived with them on the premises in question, they furnished her with room and board from September, 1946, to February 22, 1948; that a reasonable charge for such room and board during this period of time amounted to $2,850 and plaintiff is indebted to them in that amount for such service; (3) the property purchased was a duplex; that one side thereof had been rented by defendants; that plaintiff collected rent from their tenant in the sum of $850 and converted the same to her own use and she is indebted to them in that amount; (4) she also used the garage to store some of her furniture while living with them, and a reasonable rental for the garage while used amounts to the sum of $210, and they are entitled to recover from her that amount. They pray for total judgment against plaintiff on their offset in the sum of $4,056, and costs of suit.

The trial court found the issues in favor of plaintiff and rendered judgment in her favor for the sum of $1,069 with interest at 6 per cent from February 22, 1948, and decreed an equitable lien against the lots in question to secure the payment of the judgment, ordered a foreclosure thereof and denied defendants any recovery on their offset.

Defendants appeal. Their main contention is that the trial court erred in impressing an equitable lien against the lots to secure the payment of the judgment rendered. It is argued by them that the evidence failed to show that at the time plaintiff advanced the money to defendants for the down payment on the purchase price of the lots there was any agreement between the parties that the lots should stand as security for repayment of the money advanced and the court was therefore without authority to decree an equitable lien; that no power exists in equity so to do in the absence of such an agreement.

The general rule is as contended by defendants. This rule, however, is subject to the qualification that certain equities may exist in a given case which will authorize a court of equity to decree an equitable lien against the property involved in the absence of an agreement to that effect. In 17 R. C. L. p. 605, paragraph 14, it is said:

"Even in the absence of an express contract, a lien, based upon the fundamental maxims of equity, may be implied and declared by a court of chancery out of general considerations of right and justice as applied to the relations of the parties and the circumstances of their dealings. . . ."

The above mentioned equitable principle has been applied in numerous cases, but no case is called to our attention in which the rule has been applied to an identical state of facts here presented. The Court of Appeals of Kentucky, in Gabbard et al. v. Watkins, 280 Ky. 257, 133 S. W. 2d 54, however, applied such equitable principle to a state of facts bearing a close analogy to the facts in the present case. In that case it appears plaintiff advanced her daughter and son-in-law a certain amount of money with which to purchase a home. It was agreed that plaintiff was to live with her daughter and son-in-law and they would support her during the remainder of her life as consideration for the money advanced. She lived with them and they supported her for about six months when they became hostile to her and treated her in such manner as to make it impossible for her to longer live with them; she then left and brought an action to recover the money advanced and for the establishment of an equitable lien against the premises to secure the repayment thereof. The trial court rendered judgment in her favor and decreed an equitable lien against the premises to secure the judgment. The judgment was affirmed by the appellate court. It was there held:

"Where plaintiff advanced money to daughter and son-in-law to purchase a home under agreement that daughter and son-in-law were to support plaintiff, and plaintiff was subsequently compelled to leave home because of mistreatment, plaintiff was entitled to lien against property for money she advanced, since daughter and son-in-law held property under conditions imposing a responsibility like that of a constructive trustee to use and employ the money furnished them to carry out their agreement with plaintiff."

In that case the court further stated: Under the particular facts and circumstances of that case equity required that plaintiff be given a lien on the premises to secure repayment of the amount advanced by her.

In the case of Holden v. Butler, 173 Mich. 116, 138 N. W. 1071, the court held:

"A contract wherein a son, in consideration of a deed from his mother of her dower interest in certain land, agreed to give her one-third of the income from same, was one on which equity might decree an accounting and a lien for the income not paid over, though it was personal in nature and did not in terms provide for a lien and was not recorded until a demand for payment of the income was made and refused."

In discussing the equitable principle above referred to, the court in that case said:

"While the agreement which Daniel gave to his mother was a personal one and did not in terms provide for a lien, it was one in which a court of equity might have very properly ordered an accounting and made the amount found due thereon a lien on the premises while they were owned by Daniel or any subsequent purchaser who had notice of the agreement. Baker v. Baker, 157 Mich. 76, 121 N. W. 287."

Plaintiff in support of the judgment refers to the cases of Mullens v. Geo. C. Wright Lbr. Co., 182 Okla. 355, 77 P. 2d 700; Deskins v. Fidelity Nat. Bank of Oklahoma City, 183 Okla. 119, 80 P. 2d 265. We do not think these cases in point. While they do, to some extent, discuss the equitable principle above referred to, the decision in each case is based on agreement to give a lien against the property involved and is therefore not strictly in point.

The trial court committed no error in decreeing an equitable lien against the premises.

It is further contended by defendants that the court erred in denying them recovery on their offset. Counsel in his brief, however, only briefly discusses this question. He discusses and refers to but one item thereof, contending that the court should have allowed them recovery on their claim for room and board furnished to plaintiff while she was living with them. They do not, however, contend that an express agreement to that effect existed between the parties. They rely upon an implied agreement. We do not think the evidence sufficient to establish an implied agreement. There is nothing in the evidence which tends to indicate it was contemplated by the parties at the time the agreement for the purchase of the premises was entered into that plaintiff was to pay or defendants receive pay for room and board. The evidence shows that at the time the money was advanced by plaintiff for the purchase of the lots, it was agreed that the parties should occupy the premises as a joint home during the lifetime of plaintiff; that plaintiff was to assist in the household work and perform various household duties; that she did so. In addition thereto she placed her furniture in the house and defendants used the same and they still have possession thereof and are still using it.

Plaintiff testified that at no time did defendants even suggest to her that she was expected to pay for room and board nor was payment ever demanded from her; that in addition to the money advanced as above set forth, she advanced money to them in the total sum of $500 during the time she was living with them and that no part thereof has ever been repaid. Defendants have offered evidence disputing some of the facts to which plaintiff has testified.

The trial court had before it this evidence for its consideration in determining defendants' right under their offset. It found the issues in favor of plaintiff, rendered judgment in her favor and against defendants denying them recovery on their offset.

We cannot say that there is no competent evidence tending to support the judgment. It will therefore not be disturbed on appeal.

Defendants do not argue in their brief or claim they are entitled to an allowance as to the other items of offset claimed by them in their pleading. These claims will therefore be treated as having been abandoned. We may add, however, that defendants made no attempt to prove that plaintiff collected any rent from their tenants and converted same to her own use as pleaded by them in their offset.

Judgment affirmed.

LUTTRELL, V. C. J., and WELCH, CORN, DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.