Jim **LOVELESS** dba Dry Wall Construction
Company, Plaintiff in Error,

v.

Ted  E.  **HOLLOWAY**  and  Commonwealth
Life Insurance Co., a corporation,
Defendants in Error.

No. 38490.

Supreme Court of Oklahoma.

Dec. 22, 1959.

Milton W. Hardy of Hardy & Hardy, Tulsa, for plaintiff in error.

Dyer, Powers & Gotcher, Tulsa, for defendant in error Commonwealth Life Ins. Co.

Jack Ferguson, Tulsa, for defendant in error Ted. E. Holloway.

BERRY, Justice.

In this action plaintiff in error, Jim Loveless, hereafter referred to as "plaintiff", seeks to recover from defendants in error as damages, the amount of a compensation award paid R. C. Hinton, one of plaintiff's employees as a result of a compensation award made by the Industrial Commission, and an accounting of money paid defendant in error, T. E. Holloway, hereafter referred to as "Holloway", as insurance premiums.

Holloway was an agent in the Industrial Department of defendant in error, Commonwealth Life Insurance Company, hereafter referred to as "Commonwealth", from March 1, 1955 to April 1, 1956. Holloway was also a bookkeeper and was originally employed by plaintiff as such. At a time when Holloway was agent for Commonwealth and bookkeeper for plaintiff, he made an offer to plaintiff who was engaged in the construction business and subject to the Workmen's Compensation Act to acquire insurance at a saving to plaintiff which would serve to satisfy compensation awards made under said Act against plaintiff; that he (Holloway) would pay the insurance premiums and plaintiff would reimburse him. Plaintiff accepted the offer. Holloway proceeded to procure several policies from Commonwealth which it appears would serve to compensate plaintiff's employees under the Workmen's Compensation Act, 85 O.S.1951 § 1 et seq. Holloway received a commission on the policies. Holloway retained all policies and plaintiff did not learn the name of the insurer, the terms of the policies nor the fact that no insurance was in effect on R. C. Hinton until after Hinton sustained a compensable injury. Plaintiff relied wholly upon Holloway's agreement to obtain suitable compensation insurance and was of the opinion that Holloway had done so and that plaintiff had paid all premiums necessary to obtain such insurance.

In one of the policies procured by Holloway, which is the policy in controversy, R. C. Hinton was named as insured. This policy was issued March 8, 1956. The monthly premium was $8 and only one such premium was paid. The parties appear to agree that there was a grace period of 30 days and that the policy was therefore in effect until May 8, 1956. Plaintiff contends that a monthly premium on said policy was tendered Commonwealth and refused May 8, 1956. Commonwealth contends that said premium was not tendered until May 11, 1956. The parties appear to agree that under the terms of the policy and the practice of Commonwealth, Commonwealth is only liable if the premium were tendered during the grace period.

The case was tried to the court. At the conclusion of plaintiff's case in chief, the court sustained Holloway's demurrer to plaintiff's evidence and dismissed plaintiff's action as to Holloway but denied Commonwealth's demurrer to plaintiff's evidence. At the conclusion of Commonwealth's evidence, the court stated that he would find and hold for Commonwealth, but plaintiff was thereafter permitted to offer

**172**

evidence in rebuttal. Following the introduction of rebuttal evidence, the court found and held for Commonwealth. From order overruling plaintiff's motion for new trial, plaintiff perfected this appeal. We will first consider the case as to Commonwealth.

■ There is competent evidence sustaining Commonwealth's contention that the premium was not tendered on the Hinton policy until May 11, 1956, and there is also competent evidence that said premium was tendered May 8, 1956. There is, therefore, a conflict in the evidence on the decisive issue of whether the premium was tendered before or after expiration of the grace period. In finding and holding for Commonwealth, the trial court resolved this conflict in Commonwealth's favor. We have repeatedly held that in an action of legal cognizance tried to the court where disputed questions of fact are involved, the judgment of the court based on such facts will not be disturbed on appeal where there is competent evidence reasonably tending to support the judgment. Bredy v. Cantrell, 205 Okl. 9, 234 P.2d 381; Scott v. Miller, Okl., 299 P.2d 1107. The judgment as to Commonwealth is affirmed.

■ There remains for consideration plaintiff's contention that the trial court erred in dismissing plaintiff's action as to Holloway. Plaintiff and Commonwealth filed briefs. Holloway failed to file a brief and has offered no excuse for said failure. The record reasonably sustains plaintiff's contention that the trial court erred in dismissing plaintiff's action against Holloway for damages resulting from Holloway's breach of his agreement to obtain insurance that would compensate plaintiff's employees for injuries compensable under the Workmen's Compensation Act. It is not the duty of this Court to search the record for some theory upon which to sustain the action of the trial court in dismissing plaintiff's action for damages against Holloway, but may, in its discretion, reverse and remand the case with directions. Hobson v. Hall, Okl., 267 P.2d 611; Ander-

son v. State ex rel. Burnett, Okl., 272 P.2d 405.

The case is reversed and remanded as to Holloway, with directions to the trial court to sustain plaintiff's motion for new trial as to Holloway and to vacate the judgment entered in Holloway's favor on plaintiff's action for damages.

Affirmed as to Commonwealth. Reversed as to Holloway.