Carl DODD, Appellant,

v.

FAWCETT PUBLICATIONS, INC., a corporation, and Mid-Continent News Company, a corporation, Appellee.

No. 7418.

United States Court of Appeals Tenth Circuit.

March 10, 1964.

Robert G. Grove, Oklahoma City, Okl. (Leo Winters, of Grove, Winters & Cloud, Oklahoma City, Okl., on the brief), for appellant.

Don H. Reuben, Chicago, Ill. (Lawrence Gunnels, of Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., and Gus Rinehart, of Rinehart, Morrison & Cook, Oklahoma City, Okl., on the brief), for appellees.

Before PICKETT and LEWIS, Circuit Judges, and KERR, District Judge.

LEWIS, Circuit Judge.

This appeal, taken pursuant to 28 U.S.C.A. § 1292(b), is from an interlocutory order of the district court denying plaintiff-appellant's motion to remand the cause to the Oklahoma state court. The dispositive question is whether the decision of the Oklahoma Supreme Court in Fawcett Publications, Inc. v. Morris, 377 P.2d 42, has made the joinder of the co-defendant Mid-Continent News Company fraudulent in law so as to now vest complete diversity jurisdiction in the federal court. The Morris case, the case at bar, and eleven other pending cases all arise from a single identical factual incident.

In March, 1958, Fawcett Publications, Inc., published in its magazine *True* an article entitled "The Pill That Can Kill Sports" wherein reference was made to the 1956 University of Oklahoma varsity football team. Alleging the article to be libelous per se, thirteen members of the Oklahoma team, each being a citizen of that state, filed separate actions for damages in the Oklahoma state court naming Fawcett, a foreign corporation, and Mid-Continent as co-defendants. Mid-Continent is a Delaware corporation with principal place of business located in Oklahoma City and is a distributor of *True* and other magazines. An attempt at that time by the co-defendants to remove the actions to federal court failed, it appearing that each plaintiff and the defendant Mid-Continent, since its principal place of business was at Oklahoma City, were citizens of Oklahoma, 28 U.S.C.A. § 1332(c), and that plaintiffs were each seeking a joint judgment against the co-defendants. The orders of remand were entered and the actions were severally returned to the jurisdiction of the state court.

The Morris case proceeded to trial before a state district court sitting with a jury. At the conclusion of the evidence the trial judge instructed the jury to return a verdict against Fawcett leaving only the amount of damages to be determined. The trial court also directed a verdict in favor of the co-defendant Mid-Continent. The jury returned a verdict for $75,000 [1] in favor of plaintiff Morris and against defendant Fawcett. Both Fawcett and Morris appealed the judgment to the Oklahoma Supreme Court, Morris' appeal being limited to a claim of error in the trial judge's directed verdict in favor of Mid-Continent. The Oklahoma high court affirmed the judgment in all respects, 337 P.2d 42, and its judgment is now final as it affects Mid-Continent.[2] It is against this background of the Morris case that the co-defendants in the case at bar bottomed their instant petition for removal and upon which, after pertinent inquiries made of counsel at a hearing, the federal district court based its denial of remand.

Plaintiff's counsel were also plaintiff's counsel in the Morris case. As indicated by the noted colloquy [3] between

---

1. Morris was an alternate fullback on the 1956 team. Present plaintiff Dodd was the first-string quarterback.

2. Fawcett has sought review in the United States Supreme Court. Fawcett Publications, Inc. v. Morris, docket No. 741.

3. After discussing the specific evidence in the Morris case the following occurred:

   "The Court: What will your other evidence be?

   "Mr. Grove: Your Honor, the other evidence other than this, and this time

court and counsel occurring at the hearing on motion to remand, the court concluded that plaintiff Dodd's evidence affecting the liability of Mid-Continent would have the same legal substance as that given in the Morris case and that the non-liability of Mid-Continent had thus been judicially established to that extent. And upon appeal, present plaintiff's argument in opposition to the ruling of the court is largely the same as advanced in the noted discussion in the trial court.

■ The determination of the non-liability of Mid-Continent made in the Morris case cannot be applied in the case at bar under either the doctrine of res judicata or estoppel, for, as plaintiff Dodd properly asserts, the cases lack identity of parties. In fact, the judgment in the Morris case, as such, is in no way binding upon the parties in this action. However, the law of Oklahoma as determined in the Morris case is binding upon the federal court not only in this case but in any diversity case. Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. And, although, as plaintiff Dodd again correctly contends, the opinion in Morris does not spell out the liability of a distributor of magazines containing libelous matter, nevertheless the case does determine that Mid-Continent was not liable under the evidence produced in that case. Whatever the liability of a magazine distributor may be in Oklahoma such liability is not established by evidence having only the legal substance contained in Morris. To such extent Morris is pertinent to and binding upon the federal court in the instant case and the trial court did not err in so holding.[4]

we will go into a little more detail with the witness—the other evidence will be that at this time Midcontinent was not only a wholesaler but a retailer and sold for reconsumption at the news stand on the streets of Oklahoma City; and throughout this time, they had knowledge, and they are jointly liable with the publisher.

"The Court: Would that be any stronger evidence than that they distributed to the retailers for sale? They are bound to know they were selling it. Would that add any strength to it?

"Mr. Grove: Your Honor, I don't know whether it would actually add much to the lawsuit but it would show it is a continuing thing with them. I think what we have in the first case is enough so that this Court would know there was no fraudulent joinder of defendants. That is the thing I am concerned about, and I think the Court is concerned with.

"The Court: There is not fraudulent joinder?

"Mr. Grove: That is right. Your Honor, I frankly haven't been estopped by judgment or res judicata because you have before this Court at this time the very same petition of the plaintiff that the Court had to review before, and pursuant to the authorities which his Honor cited in the Opinions which he had written in these cases before, and another case I had up there, that was comparable wherein the Court can look only to the petition to determine whether or not there is one cause of action and/or fraudulent joinder, under those actions, Your Honor, and the evidence that is in this case-made, I submit that these matters are properly in the state court and should be remanded.

" * * *

"The Court: I imagine Midcontinent is an agent because they'd be liable other—

"Mr. Grove: Yes, sir. I think the Supreme Court of the State of Oklahoma, without ever saying so in words, held Midcontinent to be an agent. At least my interpretation of their opinion is that they held Midcontinent to be an agent of Fawcett Publications.

"The Court: Aren't you in effect arguing that the Supreme Court of Oklahoma was wrong under the evidence?

"Mr. Grove: Yes, sir, I sure am.

"The Court: I can't see any difference in the evidence even if you showed that there was a retail outlet. I don't think that makes any difference because if there was—was notice, knowledge under the rule that the Oklahoma Court followed, that wouldn't add anything to the notice or knowledge because it seems to me that you are relying on what was in the newspapers, and the evidence there was that the man read the newspapers and that he was aware of it."

4. The contention that this court should not follow Morris because that decision is wrong requires no discussion. The decision of the highest court of a state upon a matter of state law is absolutely binding on this court. Erie R. R. v. Tompkins, supra.

In many cases, removability can be determined by the original pleadings and normally the statement of a cause of action against the resident defendant will suffice to prevent removal. But upon specific allegations of fraudulent joinder the court may pierce the pleadings, Chesapeake & O. Ry. v. Cockrell, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544; Nunn v. Feltinton, 5 Cir., 294 F.2d 450; Morris v. E. I. DuPont DeNemours & Co., 8 Cir., 68 F.2d 788, consider the entire record, and determine the basis of joinder by any means available, McLeod v. Cities Serv. Gas Co., 10 Cir., 233 F.2d 242. The joinder of a resident defendant against whom no cause of action is stated is patent sham, Parks v. New York Times Co., 5 Cir., 308 F.2d 474, and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists, Lobato v. Pay Less Drug Stores, Inc., 10 Cir., 261 F.2d 406. This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty. McLeod v. Cities Serv. Gas Co., supra.

Applying these rules to the case at bar it seems clear that the trial court properly refused to remand. The Oklahoma Supreme Court has judicially determined that unrecited but specific proof occurring in the Morris case was insufficient to impose liability upon Mid-Continent. Without material addition that same proof appears with complete certainty to be the sole basis of present plaintiff's claim against the same defendant in a case having identical origin. Mid-Continent's non-liability is thus established as both a matter of fact and law, and its continued joinder serves only to frustrate federal jurisdiction. In such case the joinder is fraudulent.

Finally, appellant contends that to retain jurisdiction in the federal court is, in effect, "saying that this Appellant, or plaintiffs in companion cases, cannot *possibly* produce sufficient evidence on trial of the cases to establish liability against [Mid-Continent] * * *." (Emphasis added.) This court is, of course, not concerned with possibilities that discord with the record. The trial court had the power to compel appellant to disclose his evidence affecting Mid-Continent's liability, see Berger v. Brannan, 10 Cir., 172 F.2d 241, cert. denied, 337 U.S. 941, 69 S.Ct. 1519, 93 L.Ed. 1746; Holcomb v. Aetna Life Insurance Co., 10 Cir., 255 F.2d 577, and we consider the legal effect of such evidence only.

The judgment is affirmed.