470

Parker L. WINTON, Father and Next Friend of Tony G. Winton, Minor, Plaintiff,

v.

Merle MOORE and the Prudential Insurance Company of America, Defendants.

No. 68–C–130.

United States District Court
N. D. Oklahoma.

Aug. 7, 1968.

---

Robert S. Gee, of Wallace & Owens, Miami, Okl., for plaintiff.

G. Ellis Gable, of Gable, Gotwals, Hays, Rubin & Fox, Tulsa, Okl., for defendants.

## ORDER OF REMAND

DAUGHERTY, District Judge.

This is an action by the representative of the beneficiary of an insurance policy issued by the Defendant Prudential Insurance Company of America (Prudential). Plaintiff is a citizen of Oklahoma. Defendant Prudential is a corporation organized under the laws of the

State of New Jersey, with its principal place of business in Newark, New Jersey. Defendant Merle Moore is Defendant Prudential's agent and is a citizen of Oklahoma. The action was initiated in the District Court of Craig County, Oklahoma, and is here on Defendant Prudential's Removal Petition. Defendant Moore did not join in the Removal Petition.

Plaintiff's suit is based on Defendant Moore's alleged failure to transmit insurance premiums paid him to the Defendant Prudential, thus allowing the policy to lapse and, alternatively, on Defendant Prudential's failure to pay the face of the policy upon the death of the insured.

Defendant Prudential's grounds for removal are, fraudulent joinder of the agent Moore, or that the Plaintiff has stated separate and independent causes of action, in either of which cases, removal is permitted by 28 U.S.C. § 1441(c).[1]

Plaintiff has moved for remand on the grounds that there is a cause of action stated against the agent Moore as well as against the Defendant Prudential, that is, the agent has not been fraudu-lently joined, and that there is a lack of diversity of citizenship because of the presence of the Defendant Moore.

█ Where the removing party claims fraudulent joinder, he has the burden of pleading such fraudulent joinder with particularity and supporting it by clear and convincing proof.[2] Such is the nature of the facts that are required to be proved under this rule that the Court, if it retains jurisdiction of the case, must be able to dismiss the complaint against the nondiverse Defendant.[3] In the instant case, the Plaintiff's cause of action against the Defendant Moore would survive both a motion to dismiss as well as a motion for summary judgment; as to the dismissal because a claim is stated in the complaint on which relief can be granted, and as to the summary judgment because there remains to be determined a genuine material fact issue, that of the payment of the premium, which is hotly disputed by the parties.

█ It appears that Plaintiff has a sound legal basis for his action against the Defendant Moore, although this conclusion is not absolutely clear under Oklahoma law.[4] If the facts which sup-

---

1. 28 U.S.C. § 1441 provides in part:
   "(b) * * * Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
   "(c) Whenever a separate and independent claim or cause of action, which would be removable if sued on alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

2. Parks v. New York Times Co., 308 F. 2d 474 (Fifth Cir. 1962), cert. den. 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969; Barron & Holtzoff, Federal Practice and Procedure (Wright Ed.), Vol. I § 103, pp. 478–479.

3. Covington v. Indemnity Ins. Co. of North America, 251 F.2d 930 (Fifth Cir. 1958), cert. den. 357 U.S. 921, 78 S.Ct. 1362, 2 L.Ed.2d 1365.

4. The agent of an insurance company may owe a duty to the insured to remit the premiums. This duty seems to have been recognized, at least implicitly, in DeWees-Wilcox & Co. v. Cedarbaum, 381 P.2d 830, at page 836 (Okl.1963). This precise question was before the Oklahoma Supreme Court in Loveless v. Holloway, 348 P.2d 170 (Okl.1959), but was not decided. In that case, the court held that the trial court's dismissal of the insured's suit against the agent was contrary to law. In the DeWees case, the court cited an annotation in 29 A.L.R.2d 171 entitled "Duty and Liability of Insurance Broker or Agent to Insured with Respect to Procurement, Continuance, Terms, and Coverage of Insurance Policies," where at p. 199 cases are collected which support the existence of such a duty in other jurisdictions. These references by the Oklahoma Supreme Court indicated that it would recognize this duty in a proper case. Of course, the fact that the insured and beneficiary in the instant case before the Court are not the same person is not relevant.

port the Plaintiff's cause of action against the Defendant Moore do not exist, then there is a circumstance indicative of fraudulent joinder, even though a valid cause of action may have been stated in the complaint. Thus, the Court may seek to resolve the issue of whether the factual basis of the cause of action exists by any means, however, this does not mean that the Court will pre-try doubtful issues of fact: the fact issues must be capable of summary determination.[5] Defendant Prudential has attempted to marshall the evidence of nonpayment by deposing Plaintiff, Defendant Moore, and a third person, Mr. Goodwin. Plaintiff states the payment was made, but is not clear as to which period it might relate. Defendant Moore states that he never received the payment. Mr. Goodwin knows nothing of his own knowledge about the payment, except what Defendant Moore told him. This is hardly the sort of clear and convincing evidence on which a summary determination that there is no factual basis for Plaintiff's cause of action against the Defendant Moore can be made. Accordingly, the Defendant Prudential has failed to make out a case of fraudulent joinder.

■■ Defendant Prudential further contends that Plaintiff has stated separate and independent causes of actions against it and Defendant Moore, thus allowing removal of its part of the case or the entire case. While it is true that Plaintiff states one cause of action in tort, against the Defendant Moore, and another on the basis of contract, against the Defendant Prudential, only a single recovery is sought. Under these circumstances this case is indistinguishable from American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951):

> "Where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action

under [28 U.S.C.] § 1441(c)." 341 U.S. at p. 14, 71 S.Ct. at p. 540, 95 L. Ed. at pp. 708–709.

A most interesting discussion of fraudulent joinder and separate and independent claim or cause of action appears in El Dorado Springs R-2 School Dist. v. Moos, 264 F.Supp. 815 (D.C.Mo. 1967), which was a case much like the present one, and in which remand was granted.

Accordingly, it is ordered that this case be remanded to the District Court for Craig County, Oklahoma, from whence it was improvidently removed.

---

5. Dodd v. Fawcett Pub. Co., 329 F.2d 82 (Tenth Cir. 1964).