**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RON NERAD,

      Plaintiff - Appellee,

v.

ASTRAZENECA
PHARMACEUTICALS, INC.;
TIMOTHY SYDNES,

      Defendants - Appellants.

No. 05-6128
(D.C. No. CIV-04-1674-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLLOWAY**, and **McCONNELL**, Circuit Judges.[**]

---

Defendant AstraZeneca Pharmaceuticals, Inc., appeals from the district court's order remanding this case to Oklahoma state court. We conclude that we lack appellate jurisdiction to review the remand order, and we dismiss the appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Background

On November 15, 2004, Plaintiff Ron Nerad filed a complaint in Oklahoma state court alleging products liability, fraud and misrepresentation claims against Defendant AstraZeneca and its drug sales representative, Defendant Timothy Sydnes. These claims arose from injuries Mr. Nerad allegedly received from using the drug Crestor.

AstraZeneca removed the matter to federal court. Mr. Nerad promptly moved for remand, asserting without dispute that both he and Mr. Sydnes were citizens of Oklahoma. AstraZeneca maintained that Mr. Sydnes had been fraudulently joined, and it opposed the remand on the ground that the only proper parties to the action–itself and Mr. Nerad–were diverse.

On March 11, 2005, the district court granted Mr. Nerad's motion for remand. Aplt. App. at 49-53. In a ruling not contested in this appeal, the district court held that Mr. Sydnes was fraudulently joined to the products liability claim. However, it also determined that Mr. Sydnes was properly joined to the fraud and misrepresentation claims. AstraZeneca argued that Mr. Nerad failed to plead those claims with sufficient particularity to satisfy Fed. R. Civ. P. 9(b), but the court concluded that "[e]ven if the court were to determine that the claims are deficient in this regard, the court would authorize [Nerad] to file an amended complaint to include sufficient particularity." Aplt. App. at 52. Finally, the court rejected AstraZeneca's contention that Mr. Nerad could not prevail on his claims

because he had no evidence that he or his physician ever had direct contact with Mr. Sydnes. Aplt. App. at 52-53.

Based on these rulings, the court concluded that AstraZeneca had failed to carry its "heavy" burden of demonstrating fraudulent joinder. Thus, the court held that it lacked subject matter jurisdiction because Mr. Nerad and Mr. Sydnes were not diverse, and it remanded the case to state court. This appeal followed.

Discussion

The threshold question we must answer is whether this court is permitted to review the district court's remand order. Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." However, this prohibition is not as broad as it seems: "§ 1447(d) must be read in pari materia with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127 (1995). Therefore, when "a district court's remand is based on a timely raised defect in removal procedure or on a lack of subject-matter jurisdiction–the grounds of remand recognized by § 1447(c)–a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d)." Id. at 127-28. This remains true for "all remand orders issued pursuant to § 1447(c), whether erroneous or not . . . ." Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 343 (1976).

- 3 -

Accordingly, this court can review a remand order only if it had a basis outside of § 1447(c). "In order to evaluate the reviewability of the district court's remand order[], we must independently review the record to determine the actual grounds upon which the district court believed it was empowered to remand." Dalrymple v. Grand River Dam Auth., 145 F.3d 1180, 1184 (10th Cir. 1998).

The district court held that regardless of whether the pleadings were technically deficient under Fed. R. Civ. P. 9(b), they could easily be amended, and amendment would be allowed as a matter of course. Thus, the reviewability of the remand order turns on whether the district court concluded that it lacked jurisdiction at the outset, or whether it determined that it initially had jurisdiction but would lose jurisdiction once the pleadings were amended. If the former, the remand order is not reviewable. See Things Remembered, 516 U.S. at 127-28. If the latter, the remand was not pursuant to § 1447(c), and review is possible. See, e.g., Poore v. American-Amicable Life Ins. Co., 218 F.3d 1287, 1291 (11th Cir. 2000) ("[E]vents occurring after removal . . . do not oust the district court's jurisdiction."); Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 223 (3rd Cir. 1995) ("[A] remand only falls under § 1447(c) if the removal itself was jurisdictionally improper, not if the defect arose after removal.").

The allegations of fraudulent joinder complicate our analysis. While a court normally evaluates the propriety of a removal by determining whether the allegations on the face of the complaint satisfy the jurisdictional requirements,

- 4 -

fraudulent joinder claims are assertions that the pleadings are deceptive. Thus, in cases where fraudulent joinder is claimed, we have directed courts to "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." Dodd v. Fawcett Publ'ns, Inc., 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted). In so doing, the court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant. See Badon v. RJR Nabisco, Inc., 224 F.3d 382, 393 (5th Cir. 2000). A "reasonable basis" means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law.

We have previously indicated that "a fraudulent joinder analysis [is] a jurisdictional inquiry." Albert v. Smith's Food & Drug Ctrs., Inc., 356 F.3d 1242, 1247 (10th Cir. 2004). Although we have not addressed the question in the context of whether a remand order based on a finding of fraudulent joinder is reviewable, our sister circuits agree that such orders are not reviewable. As the Fifth Circuit explained:

> The district court ruled on an argument put before it that directly implicated the subject matter jurisdiction of that court. The court explicitly held "that the joinder of the tribe is not fraudulent, and that the stateless status of the tribe therefore destroys complete diversity, and along with it, this Court's diversity jurisdiction." The accompanying remand falls directly within § 1447(c). Consequently, pursuant to § 1447(d), we lack jurisdiction to review the order of remand.

Victor v. Grand Casino-Coushatta, 359 F.3d 782, 784-85 (5th Cir. 2004) (per curiam); see also Hernandez v. Seminole County, 334 F.3d 1233 (11th Cir. 2003); Garbie v. DaimlerCrysler Corp., 211 F.3d 407 (7th Cir. 2000).

This rationale is consistent with Dalrymple, where we considered whether we could review a remand order premised on a lack of federal question jurisdiction. The plaintiffs had brought a class-action lawsuit against a state agency, which removed the case to federal court based on alleged federal claims and defenses. In declining review, we reasoned that:

> The remand orders at issue clearly do not reflect the typical nonjurisdictional determination involving a discretionary remand of supplementary or pendent claims, venue, abstention, comity, or the waiver of opportunity to challenge a procedurally irregular removal. Instead, the orders address key issues directly related to whether the district court could have exercised subject matter jurisdiction over the cases–the presence of a federal question on the face of the plaintiffs' complaints, and/or the presence of a federal question in the form of a colorable federal immunity defense.

Dalrymple, 145 F.2d at 1185.

Likewise, the order in this case addressed key issues related to whether the district court had subject-matter jurisdiction. The pleadings on their face reflected a lack of complete diversity. In the hope of convincing the court that it had jurisdiction, AstraZeneca invited it to "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." Dodd, 329 F.2d at 85 (internal citations omitted). Although the court considered whether future amendments might allow Mr. Nerad to state his claims with

sufficient particularity to satisfy Fed. R. Civ. P. 9(b), it did so only in order to determine whether there was a "possibility that the non-diverse party could be liable to the plaintiff in state court." Aplt. App. at 50. This was a jurisdictional inquiry. As we read the order, the court determined that success was reasonably possible *at the time of removal* because, although the plaintiff might be required to amend his complaint, that amendment would be allowed as a matter of course.

Therefore, we conclude that the district court remanded based on its conclusion that it lacked subject-matter jurisdiction at the time of removal. The remand was thus ordered pursuant to § 1447(c), and we are precluded from reviewing it by § 1447(d). Accordingly, the appeal is DISMISSED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge
