FILED
United States Court of Appeals
Tenth Circuit

June 17, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WAYNE ANDERSON;
KIMBERLY ANDERSON,

          Plaintiffs-Appellants,

v.

LEHMAN BROTHERS BANK, FSB;
AURORA LOAN SERVICES, LLC;
JAMES H. WOODALL, Trustee;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,

          Defendants-Appellees.

No. 12-4135
(D.C. No. 2:11-CV-00584-TS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Plaintiffs Wayne Anderson and Kimberly Anderson filed this action in Utah

state court, seeking to halt a foreclosure and/or to hold the foreclosing parties liable

for damages. The defendants removed the action to federal court on the basis of

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

diversity jurisdiction. Although one of the defendants, trustee James H. Woodall, is a resident of Utah, we agree with the district court that his citizenship could be disregarded because he was fraudulently joined as a defendant and/or was at best a nominal party to the action. Having properly removed the case to federal court, however, the district court should have dismissed Woodall without prejudice for lack of jurisdiction. We therefore remand with instructions to modify the dismissal on the merits of the claim against Woodall to a dismissal without prejudice.

## BACKGROUND

The Andersons executed a deed of trust to secure the payment of a promissory note. In the deed of trust, the Andersons were identified as borrowers, Lehman Brothers Bank, FSB (Lehman Brothers) as "lender," Southern Utah Title as "trustee," and Mortgage Electronic Registration Systems (MERS) as the nominee for lender's successors and assigns, and as beneficiary.

MERS later appointed defendant James H. Woodall, a Utah resident, as successor trustee. Mr. Woodall recorded a notice of default. MERS assigned Lehman Brothers' interest in the deed of trust to defendant Aurora Loan Services LLC.

The Andersons then filed suit in state court, asserting two causes of action: "quiet title and declaratory judgment pursuant to Utah Code Ann. § 57-1-23.5 and the Uniform Commercial Code." Aplt. App. at 10. The defendants removed the suit to federal court, where they filed a motion to dismiss.

- 2 -

The Andersons voluntarily dismissed their quiet title cause of action and the declaratory cause of action to the extent it was based on a "show me the note" theory. This left only their § 57-1-23.5 claim, based on a Utah statute providing that "[a]n unauthorized person who conducts an unauthorized [trustee's] sale is liable to the trustor for actual damages suffered by the trustor as a result of the unauthorized sale or $2,000, whichever is greater." Utah Code Ann. § 57-1-23.5(2)(a).

The Andersons filed a motion to remand the case to state court. The district court denied the motion to remand and dismissed the remaining claim against Mr. Woodall on the merits. It dismissed because it concluded that § 57-1-23.5, which was enacted after Mr. Woodall filed his notice of default, could not be applied retroactively to Mr. Woodall's conduct.

## ANALYSIS

### 1. Motion to Remand

A defendant may remove a civil action brought in state court to federal court if "the district courts of the United States have original jurisdiction" over the action. 28 U.S.C. § 1441(a). This court reviews de novo whether a case was removable to federal court. *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012). There is a presumption against removal jurisdiction, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and the party seeking removal has the burden of proof to establish jurisdiction, *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Diversity jurisdiction, the basis for removal here, exists when the amount-in-controversy requirement is met and the parties are completely diverse. *See* 28 U.S.C. § 1332(a). Both the Andersons and Woodall are citizens of Utah and are therefore non-diverse. But the district court cited two reasons for disregarding Woodall in its diversity analysis: (1) he had been fraudulently joined, and (2) as trustee under a deed of trust, he was only a "nominal party."

Fraudulent joinder need not involve actual fraud in the technical sense. Instead, it can occur when the plaintiff joins a "resident defendant against whom no cause of action is stated" in order to prevent removal under a federal court's diversity jurisdiction. *Dodd v. Fawcett Pubs., Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). When this occurs, the district court disregards the fraudulently joined non-diverse party for removal purposes. In addition, "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1369 (10th Cir. 1998) (internal quotation marks omitted).

We ordered the parties to brief the issue of whether the district court properly determined that Woodall had been fraudulently joined and/or was only a nominal party to this dispute. In their supplemental brief, the Andersons essentially conceded

- 4 -

that Woodall was not a viable party to their complaint,[1] and requested that this case be remanded to the district court for dismissal. Based on the district court's uncontested analysis, we agree that the complaint fails to state a colorable cause of action against Woodall. We therefore conclude that the case was properly removed to federal court notwithstanding Woodall's Utah citizenship.

Once it determined that Woodall had been fraudulently joined, however, the district court lacked jurisdiction to enter judgment on the merits on the claims against him. Rather, it was required to dismiss him from the case without prejudice. *See, e.g., Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004).[2] We must therefore vacate the district court's dismissal on the merits of the

---

[1]    The Andersons cited as controlling adverse authority this court's decision in *Brazell v. Waite*, No. 12-4047, 2013 WL 2398893 (10th Cir. June 4, 2013), in which we held that a Utah trustee against whom similar claims were asserted "was fraudulently joined or a nominal party with respect to all claims against him." *Id.* at *6. The Andersons requested "that the Court dispose of this case in the manner it did in *Brazell*." Aplt. Response to Order Directing Supplemental Briefing, at 1.

[2]    In his response to our supplemental briefing order, Woodall argues that under authority predating *Albert*, "a dismissal on the merits as to the fraudulently joined party [is] within the jurisdiction of the trial court." Woodall's Supp. Br. at 12. But as we recognized in *Albert*, 356 F.3d at 1249 n.3, circuit authorities permitting a dismissal on the merits of claims against a fraudulently joined party predate the Supreme Court's decision in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998). In *Steel Co.*, the Supreme Court specifically rejected the ability of a federal court to rule on the merits of claims over which it lacks jurisdiction. *See id.* at 93-95. We therefore do not find these prior circuit authorities persuasive.

Andersons' complaint against Woodall, and remand with instructions to modify the dismissal to one "without prejudice" for lack of jurisdiction.[3]

## CONCLUSION

We vacate the district court's dismissal on the merits of the claim against Woodall, and remand with instructions to enter a dismissal without prejudice for lack of jurisdiction.

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[3] In district court the Lehman Defendants (collectively, Lehman Brothers, Aurora, and MERS) argued they were still part of the action, notwithstanding the Andersons' prior voluntary dismissal, because the Andersons "purport[ed] to name them as 'unauthorized persons' under . . . § 57-1-23.5." Aplt. App. at 16. The district court therefore addressed the § 57-1-23.5 claim against these defendants. It again concluded that the statute could not be retroactively applied. It also expressed skepticism that the statute could be applied at all against the Lehman Defendants, who had not acted as trustees in exercising a power of sale with regard to the Andersons' property. Accordingly, it dismissed the § 57-1-23.5 claim against the Lehman Defendants for failure to state a claim. Although the Lehman Defendants have filed a separate brief in this appeal, the Andersons do not address the claims against them at all in their brief and we conclude that the Andersons have waived any appeal of the district court's order with respect to the Lehman Defendants. Thus, we will not further address that dismissal.