**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DARWIN LEROY LONG,

    Plaintiff - Appellant,

v.

PAUL M. HALLIDAY, JR., as Successor
Trustee of the Deed of Trust; WELLS
FARGO BANK N.A., Trustee for Option
One Mortgage Loan Trust 2007-6,
Asset-Backed Certificates, Series 2007-6,
as Successor Lender on the Promissory
Note and Beneficiary on the Deed of Trust,

    Defendants - Appellees.

No. 18-4068
(D.C. No. 2:17-CV-01025-DB)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **McHUGH**, **BALDOCK**, and **KELLY**, Circuit Judges.

_____

Darwin Leroy Long brought this suit in Utah state court, seeking to prevent

Wells Fargo Bank N.A. and its trustee, Paul M. Halliday, Jr., from foreclosing on his

home. Wells Fargo removed the suit to federal court based on diversity jurisdiction,

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

28 U.S.C. § 1332, but Mr. Long moved to remand it to state court based on a lack of diversity because he and Mr. Halliday are both Utah residents. The district court denied the motion, dismissed Mr. Halliday on fraudulent joinder grounds, and dismissed the remaining claim against Wells Fargo. Mr. Long appeals the denial of his motion for remand. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I

In 2007, Mr. Long and his wife executed a deed of trust that secured a promissory note to repay a debt on their home. They defaulted in 2009. In 2010, Wells Fargo became a trust beneficiary on the deed of trust and, in 2016, after the Longs filed a series of bankruptcy petitions, appointed Mr. Halliday as a successor trustee. In early 2017, Mr. Halliday executed and recorded a notice of default and election to sell. In August of that year, he gave notice of a trustee sale, and in September 2017, Mr. Long filed this action in state court.

Mr. Long's amended complaint pleaded a single claim for relief: he sought a declaratory judgment that the statute of limitations on Wells Fargo's authority to foreclose had expired and, along with it, Mr. Halliday's power to sell the property. Regarding Mr. Halliday, Mr. Long specifically alleged that he was Wells Fargo's agent, that as trustee Mr. Halliday had the power to sell the property at foreclosure due to the default on the note, and that he had given notice of the scheduled sale date in a nonjudicial foreclosure. *See* Aplt. App. at 35, para. 41, 45; *id.* at 38, para. 64-66. Based on these allegations (and others directed at Wells Fargo), Mr. Long sought a declaratory judgment "that the statute of limitations has run on . . . Wells Fargo's

2

breach-of-contract claim . . . and[] that the statute of limitations has run on [Mr.] Halliday, as Trustee, to foreclose on the Property." *Id.* at 38, para. 70.

In its petition for removal, Wells Fargo alleged the district court had diversity jurisdiction, which was not defeated by the inclusion of Mr. Halliday, against whom there were no specific claims alleged. Mr. Long moved to remand, however, arguing, among other things, that the parties were not diverse because he and Mr. Halliday are Utah residents. Mr. Long pointed out that Utah law required joinder of all persons "affected" by a declaratory judgment, that Mr. Halliday was a "direct subject of the statute-of-limitations issue," and that "Mr. Halliday[] is the only party . . . with the 'power to s[ell]' the Property." *Id.* at 66-67. After a hearing, the district court denied the motion for remand, dismissed Mr. Halliday based on fraudulent joinder, and dismissed the remaining claim against Wells Fargo. Mr. Long moved the court to alter or amend its judgment, but the court denied his motion. Mr. Long appealed and now challenges only the denial of his motion for remand.

## II

We review the district court's denial of a motion for remand de novo. *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014). Under 28 U.S.C. § 1441(a), "[a] defendant may remove a civil action initially brought in state court if the federal district court could have exercised original jurisdiction." *Salzer*, 762 F.3d. at 1134. "However, a federal court must remand a removed action back to state court 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Id.* (quoting 28 U.S.C. § 1447(c) (brackets

3

omitted)). "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." *Id.* (internal quotation marks omitted).

Wells Fargo invoked the district court's diversity jurisdiction, which requires "that complete diversity of citizenship exist[] between the adverse parties and that the amount in controversy exceed[] $75,000," *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (internal quotation marks omitted).[1] Although the district court acknowledged that Mr. Halliday and Mr. Long were both residents of Utah and therefore not diverse parties, it concluded that Mr. Halliday should be disregarded for jurisdictional purposes because he was fraudulently joined.

As we have explained, "[f]raudulent joinder need not involve actual fraud in the technical sense." *Anderson v. Lehman Bros. Bank, FSB*, 528 F. App'x 793, 795 (10th Cir. 2013) (unpublished); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished).[2] Rather, fraudulent joinder is an exception to the complete diversity requirement when there is no cause of action stated against a resident defendant or when no cause of action exists. *See Roe v. Gen. Am. Life Ins. Co.*, 712 F.2d 450, 452 n.* (10th Cir. 1983); *Smoot v. Chicago, Rock Island & Pac. R.R.*

---

[1] Mr. Long challenged the amount-in-controversy requirement in the district court, but he advances no such argument on appeal. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e have routinely declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

[2] We may consider non-precedential, unpublished decisions for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A).

4

*Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967). Fraudulent joinder may also be found when the resident defendant "serves only to frustrate federal jurisdiction." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher*, 733 F.3d at 988 (brackets and internal quotation marks omitted). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.* (internal quotation marks omitted).

Consistent with the second prong of the fraudulent joinder test, Wells Fargo demonstrated that Mr. Long cannot establish a cause of action against Mr. Halliday. Under Utah law, a trustee is not a required party in an action involving a trust deed "unless the legal action pertains to a *breach* of the trustee's obligations under [the law] or under the trust deed." Utah Code Ann. § 57-1-22.1(1) (emphasis added). Utah law further provides that if a party joins a trustee "in an action that does not pertain to the trustee's obligations . . ., the court *shall* dismiss the action against the trustee and award the trustee reasonable attorney fees arising from the trustee being joined in the legal action." *Id.* § 57-1-22.1(3) (emphasis added).

There are no allegations here that Mr. Halliday breached any duties. To the contrary, the allegations challenge Mr. Halliday's ability to *fulfill* his duties. Mr. Long focuses exclusively on Mr. Halliday's power to sell the property by virtue of his authority as trustee. He alleged Mr. Halliday had the power to sell the

5

property, issued a notice of default and election to sell, and gave notice of the trustee's sale. Mr. Long tethered all of these allegations to his claim that the statute of limitations had run on Wells Fargo's authority to foreclose. But he does not suggest Mr. Halliday breached any statutory obligation. Although he asserts it is enough that Mr. Halliday's duties arise under the Utah Trust Deed Act, *see* Aplt. Opening Br. at 30, and that a "claim need not involve a breach of a Trustee's duties," Aplt. Reply Br. at 4, he cites no authority to support these assertions, which contradict the plain language of Utah Code Ann. § 57-1-22.1(1). Mr. Long also attempts to recharacterize his claim as alleging an "anticipatory breach" of Mr. Halliday's duty "not to wrongfully foreclose," *id.* at 5, based on his claim that the statute of limitations had run, but this recharacterization is unavailing because a trustee is "under no duty to investigate [a beneficiary's] authority beyond the language of the trust deed," *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1243 (10th Cir. 2013).

Nevertheless, citing *Navarro Savings Association v. Lee*, 446 U.S. 458 (1980), Mr. Long maintains that a trustee is the real party in interest when he or she holds the authority to dispose of assets for others. *See* Aplt. Br. at 28-29. In *Navarro*, the trustees of a business trust held title and exclusive authority over the trust property. 446 U.S. at 459. They were authorized "to take legal title to trust assets, to invest those assets for the benefit of shareholders, and to sue and be sued in their capacity as trustees." *Id.* at 464. Although the defendant disputed federal jurisdiction, asserting the trust shareholders were the real parties in interest for diversity purposes,

6

the Court recognized its precedent holding "that a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Id.* Thus, the Court concluded that the trustees could "sue in their own right, without regard to the citizenship of the trust beneficiaries." *Id.* at 465-66.

Mr. Long asserts that *Navarro* compels us to rely on Mr. Halliday's Utah residency for diversity purposes, but Mr. Halliday had no authority analogous to the trustees' authority in *Navarro*. Although he had the "power of sale," as Mr. Long points out, Aplt. Br. at 29, his exercise of that and the rest of his powers was contingent on Wells Fargo's written directive as the beneficiary of the deed of trust. *See* Utah Code Ann. § 57-1-21.5(1) ("Until a beneficiary under a trust deed . . . provides a trustee of the trust deed written instructions directing the trustee to exercise powers under this chapter, the trustee has no duty or obligation to the beneficiary . . . ."). And while Mr. Halliday may have held title for the benefit of Wells Fargo, *see Capital Assets Fin. Servs. v. Maxwell*, 994 P.2d 201, 203-04 (Utah 2000) (recognizing a deed of trust conveys "more than bare legal title" to the trustee to secure an obligation owed the beneficiary (internal quotation marks omitted)); Utah Code Ann. § 57-1-19(4) (defining "trustee" as "a person to whom title to real property is conveyed by trust deed"), he had no direct interest in the property and could not manage it or dispose of it without written instruction from Wells Fargo.

Finally, Mr. Long contends that Utah's declaratory judgment act, in particular Utah Code Ann. § 78B-6-403(1), requires joinder of all "parties who have or claim

7

any interest which would be affected by the declaration." Although Mr. Long suggests Mr. Halliday was "affected" by the judgment, Aplt. Br. at 22-23, "a necessary party is one whose presence is required for a full and fair determination of his rights as well as of the rights of the other parties to the suit," *Cowen & Co. v. Atlas Stock Transfer Co.*, 695 P.2d 109, 114 (Utah 1984). Mr. Halliday had no rights or interest in the suit, and his presence had no impact on the determination of Wells Fargo's right to foreclose. More to the point, the suit did not allege that Mr. Halliday breached any statutory obligation. Thus, although Mr. Long insists the district court erred in dismissing Mr. Halliday pursuant to Utah Code Ann. § 57-1-22.1(3), his dismissal was required because the suit did not involve a breach of his obligations. *See id.* ("the court *shall* dismiss the action against the trustee" if the action does not pertain to the trustee's obligations under the statute or the trust deed).

III

The judgment of the district court is affirmed.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge