**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WILLIAM B. ACHEFF,

       Plaintiff Counter
       Defendant,

v.

UNITED STATES OF AMERICA,

       Defendant Counter Plaintiff
       Cross Plaintiff Third-Party
       Plaintiff - Appellee,

v.

PETER B. LAZARE, as Trustee of the
EDELMAN TRUST a/k/a the JON J.
EDELMAN TRUST U/T/A dated
March 19, 1996 as amended,

       Defendant Cross
       Defendant - Appellant,

and

JON  EDELMAN, a/k/a JON J.
EDELMAN or JOHN J. EDELMAN,

       Third-Party
       Defendant - Appellant.

No. 14-2033
(D.C. No. 1:12-CV-00100-JCH-RHS)
(D. N.M.)

## ORDER AND JUDGMENT[*]

Before **HOLMES**, **BACHARACH**, and **McHUGH**, Circuit Judges.

After a bench trial, the district court found that Mr. Jon Edelman owed the federal government over $334.8 million for delinquent income tax obligations and had funneled $1,601,000 from one trust (Delos Trust) to a second trust (Edelman Trust). These findings led the court to grant the federal government a constructive trust on the Edelman Trust's current and future assets up to $1,601,000. On appeal, Mr. Edelman and the trustee for the Edelman Trust challenge the imposition of a constructive trust, claiming that the money in the Edelman Trust cannot be traced to the Delos Trust. But, the trustee and Mr. Edelman did not raise this argument in district court. Ordinarily, we would apply the plain-error standard. But the trustee and Mr. Edelman have not urged plain error. Thus, we affirm.

Mr. Edelman and the trustee do not argue that they presented their appeal issue in district court. Though our rules require appellants to cite where the issue was

---

[*]    The Court has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Thus, the Court has decided the appeal based on the briefs.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But, the order and judgment may be cited for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

raised in district court, the trustee and Mr. Edelman failed to comply. *See* 10th Cir. R. 28.2(C)(2).

A federal appellate court generally does not consider issues in the absence of a ruling in district court. *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). To preserve the issues, a party must raise the issue in district court and seek a ruling. *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1150 (10th Cir. 2012). "[T]o preserve the integrity of the appellate structure, we should not be considered a second shot forum . . . where secondary, back-up theories may be mounted for the first time." *Tele-Commc'ns, Inc. v. Comm'r*, 104 F.3d 1229, 1233 (10th Cir. 1997) (internal quotation marks omitted).

In this situation, we would ordinarily consider the claim "forfeited." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011). When an issue is forfeited (rather than waived), we typically apply the plain-error standard. *Id.* "The burden of establishing plain error lies with the appellant." *Somerlott*, 686 F.3d at 1151. But, the trustee and Mr. Edelman have not sought reversal based on plain error. Thus, we must affirm. *See Richison*, 634 F.3d at 1131 ("[T]he failure to argue for plain error and its application on appeal . . . marks the end of the road for an argument for reversal not first presented to the district court.").

The trustee and Mr. Edelman make two arguments against forfeiture:

1.       The federal government is claiming that the trustee and Mr. Edelman should have suggested a different source for the government to collect its debt.

2.      The trustee and Mr. Edelman lacked notice of the error until the district court issued an order imposing the constructive trust.

The first argument is based on a misunderstanding of the federal government's position. The government is simply stating that the trustee and Mr. Edelman had to raise with the district court whatever appeal points they want to pursue. The present appeal points are not forfeited because of a failure to supply a better source for the government to collect its debt.

The second contention is also invalid. Even if the trustee and Mr. Edelman could not have anticipated the ruling, they had options once the district court imposed a constructive trust. For example, they could have filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The failure to file this motion results in forfeiture of the issue.

We have cited Rule 59(e) as a means of preserving an appellate issue. *See AdvantEdge Bus. Grp., L.L.C. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1238 (10th Cir. 2009). And we have noted a party's failure to file a post-trial motion in declining to consider an appeal contention that had not been raised in the district court. *See N. Natural Gas Co. v. Hegler*, 818 F.2d 730, 734 (10th Cir. 1987). If a post-judgment motion serves as the only means of bringing an issue to the district court's attention, a party may not forgo that procedure and raise the issue for the first time on appeal. *See Arias v. DynCorp*, 752 F.3d 1011, 1016 (D.C. Cir. 2014)

(declining to consider an issue on appeal when the appellants failed to preserve it in the district court by filing a Rule 59(e) motion).

The failure to raise the appeal issue in a post-judgment motion results in forfeiture. Because the trustee and Mr. Edelman do not allege plain error, we affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge