742 P.2d 530

**Heidi Noel JAMES, Appellant,**

v.

**NEW MEXICO HUMAN SERVICES DEPARTMENT, INCOME SUPPORT DIVISION, Appellee.**

No. 9984.

Court of Appeals of New Mexico.

July 30, 1987.

Certiorari Quashed on Sept. 9, 1987.

Ray Lewis Fuller, Southern N.M. Legal Services, Las Cruces, for appellant.

Hal Stratton, Atty. Gen., Susan K. Rehr, Asst. Gen. Counsel, Santa Fe, for appellee Human Services Dept.

## OPINION

GARCIA, Judge.

Appellant appeals the fair hearing decision of the Human Services Department (HSD) denying her benefits. The fair hearing decision notice was dated April 28, 1987, and was received by appellant's representative on April 29, 1987. The notice of appeal was filed in this court on May 29, 1987. HSD moved to dismiss the appeal because the notice of appeal was not timely filed. We agree and dismiss the appeal.

The issue here requires resolution of a conflict between a rule and a statute. SCRA 1986, 12–601(A) provides that:

Notwithstanding any other provision of law, direct appeals from orders, decisions or actions of boards, commissions, administrative agencies or officials shall be taken by filing a notice of appeal * * * within thirty (30) days from the date of the order, decision or action appealed from.

On the other hand, NMSA 1978, Section 27–3–4(A) (Repl.Pamp.1984) provides that an appeal may be taken within thirty (30) days of "receiving written notice of the decision." We note that the prior rule did not conflict with the statute. *See* NMSA 1978, Civ.App.R. 13 (Repl.Pamp.1984).

Appellant contends that the statute governs, relying on *In re Application of Angel Fire Corp.,* 96 N.M. 651, 634 P.2d 202 (1981). There, the supreme court ruled that where a statute established the administrative procedure for taking a case out of the administrative framework and into court, the statutorily required administrative procedures must be fully complied with. "The courts have no authority to alter the statutory scheme, cumbersome as it may be." *Id.* at 652, 634 P.2d at 203.

We are unpersuaded by appellant's argument because the statutory provision at issue here is distinguishable from the language upon which appellant relies. The supreme court held that the statutory provisions governing appealable orders and service of the notice of appeal were jurisdictional. In *Angel Fire,* the statute set forth orders and decisions allowed to be appealed, and the manner of transferring jurisdiction from the administrative to the judiciary. In *In re Application No. 0436–A,* 101 N.M. 579, 686 P.2d 269 (Ct.App. 1984), this court distinguished these statutory provisions from one requiring proof of service within a particular time, holding that the latter requirement was not one to which *Angel Fire's* language of mandatory compliance was applicable.

As with *In re Application No. 0436–A,* this case deals with a time limitation on the right to appeal rather than a method of appealing. Our courts have long held that such time limits are peculiarly within the power of the judiciary to set. *See American Auto. Ass'n v. State Corp. Comm'n,* 102 N.M. 527, 697 P.2d 946 (1985); *State v. Arnold,* 51 N.M. 311, 183 P.2d 845 (1947). Moreover, we have no authority to set aside a recently enacted supreme court

rule. *See Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973).

The requirement that the time for appeal runs from the date of decision is eminently reasonable. For example, it is virtually impossible to calculate appeal time when it runs from receipt of the decision rather than the date of the decision itself. Also, it is beneficial in the management of its caseload for the appellate court to know when the time for appeal commences to run, without litigation over when an applicant for public assistance received notice of the fair hearing decision. *Cf. State v. Brionez*, 90 N.M. 566, 566 P.2d 115 (Ct.App.1977) (one concept behind appellate rules is to place responsibility for appellate delays in the appellate court). We view the requirement for calculating when the time for appeals runs as a requirement that is within the power of the judiciary to set.

When *Angel Fire* was decided, the relevant appellate rule for administrative appeals governed "[e]xcept as may be otherwise provided by law." *See* Civ.App.R. 13. This case, as did *American Auto. Ass'n*, presents a direct conflict between supreme court rule and statutory provisions. Because the requirement in question lies within the supreme court's rule-making authority, and because it is now covered by supreme court rules, we apply the rule rather than the statute.

▋ Alternatively, appellant contends that HSD should be estopped from denying that the effective date of its decision was April 29, since the decision informed appellant of her right to seek judicial review in this court "within thirty (30) days of receipt of this notice." She asserts that this is one of those instances where estoppel against the state should apply because "right and justice demand it." *See State ex rel. Dep't of Human Serv. v. Davis*, 99 N.M. 138, 654 P.2d 1038 (1982). However, the timely filing of a notice of appeal is governed by rules adopted by the supreme court and is jurisdictional. *American Auto. Ass'n v. State Corp. Comm'n; State v. Arnold*. We cannot consider the hardship to an individual litigant because we have no discretion in the matter. *See Miller v. Doe*, 70 N.M. 432, 374 P.2d 305 (1962). In *Miller*,

as in this case, the appellant was misled as to the proper time for taking an appeal. Under *Miller*, the fact that appellant was misled does not serve to excuse the tardy filing of her notice of appeal.

▋ Finally, appellant contends that HSD was required to notify her directly of her right to appeal under *Angel Fire*. She asserts that notification of her representative was insufficient, and that the notification must include accurate advice as to the time for taking the appeal. As to the former, the statute only requires notification of the "applicant or recipient, or his representative" of the decision. NMSA 1978, § 27-3-3(D) (Repl.Pamp.1984). The statute then requires that the notice also inform the applicant or recipient of his right to judicial review. *Id.* If the notice of decision could be sent to a representative while the notice of right of review could only be sent to the applicant, it would make no sense that the notice must *also* inform of the right to judicial review. We believe the statute provides for joint notice of decision and notice of the right of review, and that, consequently, the notice of the right of review could be sent to the representative.

As to appellant's latter contention, the statute only requires notification of the right to review. Appellant received such notice. We will not require complete advice concerning the right to judicial review, including all the details of how the right is enforced. Some details of how to obtain review were not included in the notice, e.g., by filing a notice of appeal, and we will not rewrite or add words to a statute. *See Garrison v. Safeway Stores*, 102 N.M. 179, 692 P.2d 1328 (Ct.App.1984).

In sum, HSD has complied with the statutory procedures. Having failed to properly appeal in accordance with Rule 12-601, appellant's appeal is dismissed.

No costs are awarded.

IT IS SO ORDERED.

ALARID and MINZNER, JJ., concur.