FILED
United States Court of Appeals
Tenth Circuit

June 4, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ROBERT V. BRAZELL,

      Plaintiff-Appellant,

v.

AARON WAITE, as Trustee,

      Defendant-Appellee,

and

PHH MORTGAGE CORP.; MERRILL
LYNCH CREDIT CORPORATION;
US BANK, as Trustee; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, and Does 1 to 5,

      Defendants.

No. 12-4047
(D.C. No. 2:11-CV-00709-BSJ)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This case involves a homeowner's efforts to halt a foreclosure and/or to hold the foreclosing parties liable for damages. It was filed in Utah state court and removed to federal court on the basis of diversity jurisdiction. Although the only remaining defendant, trustee Aaron Waite, is a resident of Utah, we hold that his citizenship could be disregarded for removal purposes because the claims against him were meritless and premature and he was at best a nominal party named unnecessarily or improperly as a defendant. Having properly removed the case, however, the district court should have dismissed Waite without prejudice rather than ruling on the merits of the remaining claim against him. We therefore remand with instructions to modify the dismissal with prejudice of the remaining claim against Waite to a dismissal without prejudice.

**BACKGROUND**

In 2005, plaintiff Robert V. Brazell, a resident of Utah, signed a note (the Note) secured by a deed of trust encumbering certain Utah real property (the Property). In the Note, Brazell promised to pay the principal due on the Note, plus interest, to Merrill Lynch Credit Corporation (Merrill Lynch). Mortgage Electronic Registration Systems, Inc. (MERS) was the beneficiary of the deed of trust, which specified that MERS acted solely as nominee for Merrill Lynch. Merrill Lynch was identified as the "Lender."

On June 2, 2011, trustee Waite, a Utah attorney, filed a Notice of Sale, indicating that the Property would be sold at public auction on July 12, 2011. Waite

signed the Notice of Sale as successor trustee.  The notice stated he was acting on behalf of the current beneficiary of the trust deed, U.S. Bank National Association (U.S. Bank).

Before the sale could take place, however, Brazell brought this action in Utah state court.  Brazell asserted that Merrill Lynch had no remaining interest in the trust deed, and that MERS had no interest in the Note or the Property.  His complaint contained four claims:

(1)  A claim for unauthorized sale pursuant to Utah Code Ann. § 57-1-23.5, arguing that Waite was not a person authorized to serve as trustee, and therefore was unauthorized to hold a foreclosure sale;

(2)  A claim for declaratory judgment under Utah's Uniform Commercial Code (U.C.C.), arguing that none of the defendants were holders of the Note or "nonholders in possession" and therefore none of them were entitled to enforce the Note;

(3)  A claim that Waite had breached his trustee's duty of good faith and fair dealing because he was not an authorized trustee in the state of Utah; and

(4) A claim for quiet title, based on the fact that the trust deed was being held separately from the Note and the trust deed was therefore a nullity.

The defendants filed a notice to remove the action to federal court.  Their removal was purportedly based on diversity jurisdiction.  The day after they removed the case to federal court, the defendants filed a motion to dismiss Brazell's

complaint. Following the briefing on the motion to dismiss, Brazell voluntarily dismissed all parties except Waite, and all claims except his § 57-1-23.5 claim against Waite. He also filed a motion to remand the case to state court.

The district court denied Brazell's motion to remand, reasoning that diversity jurisdiction had been proper at the time of the removal, and that it had discretion to allow claims against the non-diverse party, Waite, to remain in federal court to be adjudicated on the merits. It then determined that "all claims against [Waite] are entirely dependent on the 'split-note' claim," Aplt. App. at 155, and that the Utah courts had rejected that basis for liability. Accordingly, the district court dismissed the claims against Waite *with prejudice*.

Brazell subsequently filed a Fed. R. Civ. P. 59(e) motion in which he argued that the district court should not have dismissed his § 57-1-23.5 claim against Waite with prejudice. He asserted that the claim against Waite had been premature or unripe, because a trustee's sale had not yet been held. Brazell therefore sought a dismissal without prejudice. The district court denied the motion.

On appeal to this court, Brazell again argues that the district court should not have dismissed his § 57-1-23.5 claim against Waite with prejudice because it was unripe or premature. But on screening, we identified a more fundamental problem. We requested supplemental briefing concerning whether the district court even had jurisdiction to enter a judgment on the merits in the first place, in light of the fact that Waite was a non-diverse party and the district court's jurisdiction was based on

- 4 -

diversity.  *See City of Colo. Springs v. Climax Molybdenum Co.*, 587 F.3d 1071, 1078-79 (10th Cir. 2009) (noting this court's duty to raise jurisdictional issue *sua sponte*).

Having considered the supplemental briefing, we now hold that this case was properly removed to federal court because, as to each of Brazell's claims, Waite was either fraudulently joined or a nominal party.  Once the case had been removed to federal court, however, the district court should have dismissed the claims against Waite without prejudice for lack of jurisdiction.  We therefore vacate that portion of the district court's order dismissing the remaining claim against Waite with prejudice, and remand with instructions to modify the dismissal to one without prejudice.

## ANALYSIS

### I.  Fraudulent Joinder/Nominal Party

A defendant may remove a civil action brought in state court to federal court if "the district courts of the United States have original jurisdiction" over the action. 28 U.S.C. § 1441(a).  This court reviews de novo whether a case was removable to federal court.  *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012).  There is a presumption against removal jurisdiction, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and the party seeking removal has the burden of proof to establish jurisdiction, *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Diversity jurisdiction, the basis for removal here, exists when the amount-in-controversy requirement is met and the parties are completely diverse. *See* 28 U.S.C. § 1332(a). Both Brazell and Waite are citizens of Utah and are therefore non-diverse. But the district court accepted the defendants' argument that Waite had been fraudulently joined or was a "nominal" party and that Brazell's claims against him should therefore be disregarded for purposes of diversity jurisdiction.

Fraudulent joinder need not involve actual fraud in the technical sense. Instead, it can occur when the plaintiff joins a "resident defendant against whom no cause of action is stated" in order to prevent removal under a federal court's diversity jurisdiction. *Dodd v. Fawcett Pubs., Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). When this occurs, the district court disregards the fraudulently joined non-diverse party for removal purposes.

In general, the removing party must show that the plaintiff has "no cause of action" against the fraudulently joined defendant. *See id.*; *Roe v. Gen. Am. Life Ins. Co.*, 712 F.2d 450, 452 n.\* (10th Cir. 1983). The objective, however, is not to pre-try the merits of the plaintiff's claims. As the Third Circuit put it, "[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992). But neither is the court compelled to believe whatever the plaintiff says in his complaint. Rather,

- 6 -

"upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal." *Smoot v. Chicago, Rock Island and Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967).

As this court has further explained: "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1369 (10th Cir. 1998) (internal quotation marks omitted). Upon consideration, we have determined that none of Brazell's claims stated a cause of action against Waite as a real or substantial party to the controversy.

### A. Unauthorized Sale Claim

About two months before Brazell filed his complaint, the Utah legislature passed a statute protecting trustors (i.e., those who owe money under a note secured by a trust deed) from unauthorized sales by out-of-state investors. This statute provides that "[a]n unauthorized person who conducts an unauthorized sale is liable to the trustor for the actual damages suffered by the trustor as a result of the unauthorized sale or $2,000, whichever is greater." Utah Code Ann. § 57-1-23.5(2)(a). An "unauthorized person" is someone who "does not qualify as a trustee under [Utah Code Ann. §] 57-1-21(1)(a)(i) or (iv)." *Id.* § 57-1-23.5(1)(a). An "unauthorized sale" is one conducted by such an "unauthorized person."

- 7 -

To qualify as an "authorized" trustee under Utah law, an individual must be

(i) any active member of the Utah State Bar who maintains a place within the state where the trustor or other interested parties may meet with the trustee to:

(A) request information about what is required to reinstate or payoff the obligation secured by the trust deed;

(B) deliver written communications to the lender as required by both the trust deed and by law;

(C) deliver funds to reinstate or payoff the loan secured by the trust deed; or

(D) deliver funds by a bidder at a foreclosure sale to pay for the purchase of the property secured by the trust deed;

Utah Code Ann. § 57-1-21(1)(a)(i).

There is no question that Waite is an active member of the Utah State Bar and that he has an office in Utah. In his complaint, however, Brazell alleged that "Waite does not know who the true beneficiary . . . of the trust deed is," and therefore could not fulfill the duties of a trustee under subsections (A) through (C) of the statute. Aplt. App. at 9. But as defendants pointed out in their motion to dismiss, a 2010 Assignment of Deed of Trust attached to Brazell's own complaint showed that MERS had assigned the beneficial interest under the Deed of Trust to U.S. Bank. *Id.* at 35. Defendants also argued that Brazell himself knew who the "servicer" of the loan is, to whom payments must be made.

In response to these arguments, Brazell argued that Waite could not deliver communications to the "lender" because Waite did not know who the "lender" is, and

therefore could not serve as trustee. He argued "[i]t is simply inconceivable that a homeowner would be able to determine the identity of the 'lender' in any foreclosure considering the securitization of mortgages." *Id.* at 145.

The district court determined that this claim was entirely dependent on Brazell's meritless "split the note" argument. Although the Utah courts have not yet ruled on this specific issue, it seems likely in fact that a Utah court would reject Brazell's § 57-1-23.5(2)(a) claim as meritless. But even if there is some question about whether Waite is "unauthorized" as a trustee, the claim fails on its face because it is unripe. Brazell has now admitted that his claim against Waite was unripe because no trustee's sale had taken place when he brought it.

An otherwise colorable claim can be considered meritless (and thus, disregarded for diversity purposes) if brought in the absence of jurisdiction. *Cf. Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1425-27 (9th Cir. 1989) (affirming dismissal of defendants as fraudulently joined where plaintiffs lacked standing to pursue claims against those defendants). Moreover, in this case, the lack of ripeness is arguably as much a defect on the merits as a jurisdictional defect. It reflects the fact that the necessary factual predicate for a statutory element of Brazell's claim against Waite has not yet occurred. Section 57-1-23.5 provides a damage remedy against one who conducts an "unauthorized sale." An "unauthorized sale" is "the exercise of a power of sale by an unauthorized person." § 57-1-23.5(1)(b). At the time the complaint was filed, all Waite had done was to give

- 9 -

notice of the sale. Utah law makes it clear that a notice of sale is a *precondition* for exercise of a power of sale, not exercise of that power itself. *See Five F*, *LLC v. Heritage Sav. Bank*, 81 P.3d 105, 107 (Utah App. 2003) ("A trustee may not exercise the power of sale until the trustee files a notice of default, waits three months, *and gives notice of the sale*." (emphasis added)). This claim against Waite should never have been brought as part of this action, and may be disregarded for diversity purposes.

### B. "Good Faith" Claim Against Waite

Brazell's complaint included another claim directed specifically against Waite, alleging that he had breached his duty of good faith and fair dealing as a trustee. *See, e.g., Five F,* 81 P.3d at 107 (detailing trustee's duty of good faith under deed of trust). This claim rested on assertions that Waite owed a "duty of reasonable diligence in good faith" as trustee to Brazell, and that Waite "breached that duty because it [sic] is foreclosing on behalf of a party who has no authority to do so" and "because it [sic] is not an authorized trustee in the state of Utah." Aplt. App. at 11.

The assertion that Waite breached his duty of good faith and fair dealing because he was not technically authorized to be a trustee is meritless. The assertion that Waite was not a proper trustee establishes no specific breach of a duty by Waite *as trustee*, the very status that created the duty of good faith alleged in Brazell's claim.

The other allegation, that Waite was foreclosing on behalf of a party without authority, is also meritless. In this claim, Brazell asserts that Waite is liable for breach of a duty of good faith and fair dealing. Brazell only makes conclusory allegations that Waite breached any duty, however, and makes no specific allegations that Waite violated the trust deed or the foreclosure statutes. *See Five F, LLC*, 81 P.3d at 106, 109 (holding that trustee's fiduciary duty required it to do no more than follow requirements of trust deed and statute, and that trustor's claim for breach of implied covenant of good faith and fair dealing was therefore not viable). Particularly here, where Brazell failed to allege that Waite had good reason to believe that he could not foreclose on behalf of the current beneficiary of the trust deed, the "good faith and fair dealing" claim was without merit and did not prevent removal.

### C. Other Claims

Finally, Brazell's complaint included two claims against "the defendants" generally. The UCC claim sought a "declaratory judgment that defendants have no non-judicially enforceable interest in the trust deed and therefore lack authority to foreclose or assign [Brazell's property]," based on their failure to prove that they properly held the Note. Aplt. App. at 11. A careful parsing of its language shows that it in fact seeks no relief specifically against Waite and he is at best a nominal party with regard to this claim.

Brazell asserts that "[n]one of the defendants are 'holders'" of the Note, *id.* at 10; that none of them "are entitled to the rights of a nonholder in possession," *id.*;

- 11 -

and that none of them could "enforce the rights of the original Note holder by appointing Waite as substitute trustee," *id.* at 11. As noted, the claim requests a declaratory judgment "that defendants have no non-judicially enforceable interest in the trust deed and therefore lack authority to foreclose or assign [Brazell's property]." *Id.* These assertions differentiate between the "defendants," who are the alleged wrongdoers, and Waite, whom they have appointed as trustee. They do not specifically target Waite, and he is therefore nothing but a nominal party with regard to them.[1]

Brazell's fourth and final claim sought "quiet title" based on the "split note" theory—that "because the promissory note and the trust deed are not held by the same party, the trust deed is a nullity and of no further force and effect." *Id.* at 12. This claim, as Brazell admits, has now been shown to be meritless under Utah law.

### D. Forum-Defendant Rule

Finally, we note that § 1441(b)(2)—the so-called forum-defendant rule—provides as a separate requirement that "[a] civil action otherwise removable solely

---

[1] Waite conceivably had an interest in avoiding a declaratory judgment that his appointment was invalid, if it would affect his compensation for his services as successor trustee, *see* Annot., P. H. Vartanian, *Right of Trustee of Express Trust to Appeal from Order or Decree Not Affecting His Own Personal Interest*, 6 A.L.R. 2d 147 § 2 (1949) (stating trustee "has a personal interest to the extent that he is entitled to a compensation for his services in the administration of the trust"). But Brazell has not specifically requested a claim for declaratory judgment concerning Waite's appointment. Therefore, Waite is merely a stakeholder as far as this claim is concerned. He was properly disregarded as a "nominal" party.

on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Waite is a citizen of Utah, the forum state in which the action was brought. His presence in the suit as a "forum defendant" would therefore arguably prevent removal to federal district court even if diversity were established. But the forum-defendant rule is not jurisdictional and may therefore be waived. *See Lively v. Wild Oats Markets, Inc*., 456 F.3d 933, 940 (9th Cir. 2006) (collecting cases). Neither party has specifically urged its application to prevent removal here.[2] Moreover, for the foregoing reasons (the fraudulent joinder of Waite and his status as a nominal party), we have serious doubt that Waite could be considered a "part[y] *in interest properly joined*" as a defendant (emphasis added).[3] Therefore, we will not apply § 1441(b)(2) to block removal of this action.

## II. Dismissal of Waite Without Prejudice

The foregoing analysis demonstrates that Waite was fraudulently joined or a nominal party with respect to all claims against him. The district court therefore properly disregarded his citizenship for removal purposes.

---

[2] On page four of his supplemental brief, Brazell quotes but does not provide a citation to § 1441(b)(2), and he also notes that both Brazell and Waite were citizens of Utah. But he fails to construct a separate, adequate argument for remand based on the forum-defendant rule.

[3] *But see Morris v. Nuzzo*, No. 12-3220, ___F.3d___, 2013 WL 2248977, at *4 (7th Cir. May 23, 2013) (noting apparent lack of ruling from any federal appellate court, and split among district courts, on the issue of "whether the fraudulent joinder doctrine creates an exception to the forum defendant rule.").

Once it determined that Waite had been fraudulently joined, however, the district court lacked jurisdiction to enter judgment on the merits on the claims against him. Rather, it was required to dismiss him from the case without prejudice. *See, e.g., Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004). Instead, the district court purported to enter judgment against Waite "with prejudice" on the merits. We must therefore vacate the with-prejudice dismissal and remand with instructions to modify the with-prejudice dismissal of Waite to one "without prejudice."

## CONCLUSION

All of Brazell's claims against the non-diverse defendant, Waite, were either so meritless that Waite should be considered "fraudulently joined" or only named as a nominal party. Therefore, the district court had diversity jurisdiction and properly denied Brazell's motion to remand to state court.

But as a non-diverse party, Waite should have been dismissed without prejudice. The district court lacked authority to enter its "with prejudice" dismissal of Waite, and should have dismissed him "without prejudice." For this reason, we vacate the district court's "with prejudice" dismissal of the remaining claim against Waite, and remand with instructions to enter a dismissal without prejudice.

Entered for the Court

Stephen H. Anderson
Circuit Judge

- 14 -